# THE DISTRICT COURT OF GUAM

NANCY BRUCE,

    Plaintiff,

vs.

MARIA CORAZON ALBAR *et al.*,

    Defendants.

CIVIL CASE NO. 19-00146

**ORDER**

Before the Court is Defendant MetLife, Inc.'s ("MetLife") motion to deposit interpleader funds with this Court. ECF 21. Plaintiff opposes and requests that MetLife be ordered to issue the funds directly to Plaintiff. ECF 22. For the reasons below, both Defendant's motion and Plaintiff's request are **DENIED**.

Plaintiff Nancy Bruce originally brought this action in Guam Superior Court, seeking to obtain the proceeds of a life insurance policy on her late husband, Donald Earle Bruce, Jr. Plaintiff named as Defendants MetLife, who is the insurer, and Maria Corazon Albar, who is the decedent's ex-wife and who is still named as a beneficiary on the policy. MetLife removed the action to this Court on the ground that it falls within the scope of the Federal Employees' Group Life Insurance Act. As the case now stands, Defendant MetLife has filed a responsive pleading, asking "[t]hat Plaintiff take nothing by her Complaint," ECF 9 at 3, while default judgment has been entered against Defendant Albar in favor of Plaintiff Bruce, ECF 19.

The Court begins with a simple observation that apparently neither Plaintiff nor Defendant MetLife has recognized: despite the styling of the complaint, and despite the potential propriety of an interpleader action in this situation, this case is not currently an interpleader action. Under Federal Rule of Civil Procedure 22—as well as longstanding historical practice—interpleader is a procedural vehicle by which someone facing the potential for multiple liability may require the potential claimants to litigate their competing claims among themselves, with the

1

resulting judgment binding the interpleader and the potential claimants. *See* Fed. R. Civ. P. 22(a) ("Persons with claims that may expose [the interpleader] to double or multiple liability may be joined as defendants and required to interplead."); *cf.* 28 U.S.C. § 1335; 28 U.S.C. § 2361 (authorizing the Court in an interpleader action to "hear and determine the case, and … discharge the [interpleader] from further liability").

In this case, the party potentially exposed to multiple liability—and therefore the proper party to seek interpleader—is Defendant MetLife. Indeed, Rule 22(a)(2) permits a "defendant exposed to [such] liability [to] seek interpleader through a crossclaim or counterclaim." However, although Defendant MetLife is the party that stands to benefit from an interpleader judgment, MetLife has not filed any such crossclaims or counterclaims. Indeed, in its answer to the complaint, Defendant MetLife explicitly opposes interpleader. *See* ECF 9 at 3 ("Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims, at this stage MetLife does not have such a fear, and it would be premature to order interpleader.").

In short, at this stage of the proceeding, Plaintiff's claim against Defendant Albar has been resolved by default judgment, but that judgment is not binding on Defendant MetLife, since Defendant MetLife has not asserted interpleader claims against Plaintiff Bruce and Defendant Albar. Plaintiff's claim against Defendant MetLife[1] is still pending and unadjudicated.[2] Although the Court understands why MetLife might be inclined to view this as an interpleader action—this being a quintessential situation in which interpleader is appropriate—MetLife has not asserted the necessary claims to make it one. The Court cannot simply treat it as such in retrospect, since Defendant Albar has not had an opportunity to respond to any interpleader crossclaim by Defendant MetLife.

---

[1] Although Plaintiff's complaint is styled as a "Complaint for Interpleader," this characterization is incorrect since the complaint is not seeking to require the two defendants to interplead. Rather, the substance of Plaintiff's claim against Defendant MetLife appears to be a straightforward contract claim.

[2] For this reason, Plaintiff's request that MetLife be ordered to disburse the insurance proceeds directly to her is also premature, since such an order would amount to a judgment in favor of Plaintiff on her claim against MetLife.

Accordingly, the Court **DENIES** Defendant MetLife's motion to deposit interpleader funds with the court and also **DENIES** Plaintiff's request that MetLife be ordered to disburse the funds directly to her. This ruling is **WITHOUT PREJUDICE** to Defendant MetLife's seeking to amend its answer—either by stipulation or by motion for leave to amend—in order to assert an interpleader counterclaim/crossclaim against Plaintiff Bruce and Defendant Albar.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge

Dated: September 24, 2020

3